Our next case for argument is 25-1376, State of Mississippi v. United States. Thank you, Your Honor. Good morning, and may it please the Court. This case concerns the application of the Stabilization Doctrine to determine whether the statute of limitations has run on a claim for a gradual taking or a taking by a gradual process. The stabilization inquiry is essentially a factual inquiry and asks whether the nature and extent or consequences of a taking should be clear to a reasonable plaintiff. The Court of Federal Claims in this case issued two rulings, one, that the statute of limitations ran at some unspecified time before 2013. These cases were brought in 2019. And two, that the deliberative process privilege protected from disclosure government documents growing out of a study called the Omar Study that the Corps of Engineers was doing to understand sediment buildup and the increased flood risk in Mississippi. Do you want to start by addressing whether there was notice that the motion for summary judgment was going to be converted to a 12B1 motion? Your Honor anticipates where I'm going, absolutely. The whole case was briefed as a summary judgment matter, and it wasn't only until we got the court's opinion that we knew that the court had converted the matter from a 56 to a 12B1. Essentially the court converted itself from a dispute finder, which is what you do in summary judgment, to a fact finder. And so there was no notice, no evidentiary hearing. A little trouble with that because in reviewing the transcript of the argument on the motion that was styled summary judgment, I think there's at least three places where counsel for the plaintiffs refers to it as a dismissal motion. I can show you. Well, I'm sorry, Your Honor. You may be prior, but 4661 and 4623, I think there's at least three times that plaintiff's counsel says, you know, for instance, the government elected to file a motion to dismiss, which it did not do. So I don't understand what's going on. The short answer is, Your Honor, I don't think that he either just misspoke or was not arguing in a technical sense because clearly before the court was a summary judgment motion. Now the impact of the summary judgment motion, which was if the court had ruled that there were no material facts in dispute over jurisdiction, would have resulted in the dismissal of the case. And so that's what my colleague may have been referring to. But it's very clear on the record that this was a summary judgment motion. And so what you have, though, Judge Stahl, to get back to responding to your point, is that essentially plaintiffs are blindsided. We are briefing summary judgment. We're not trying to establish jurisdiction and so forth. And that's not only grossly unfair, but it— What about—I'm just going to throw some ideas out there. What about the fact that you would know that when you're talking about jurisdiction, it's a highly factual issue and the judge has to decide the facts in order to be able to determine jurisdiction? Well, Your Honor, with respect, I don't think that's quite true. If the court wanted to do that, if you stay with summary judgment, the rules are the rules. And obviously, a court has a responsibility to find jurisdiction whenever. So the proper thing for the court to have done would have been to say that I'm not going to do this on summary judgment. I have an obligation to adjudicate the question of jurisdiction. We have the burden to establish jurisdiction. But that must be done in an evidentiary hearing and, in fact, in this context in trial because of the fact that with the stabilization doctrine, I think one clear way of understanding this case is that the stabilization doctrine looks at the nature and extent of the taking. And when people should be aware of it. When you're proving the taking, you are proving the nature and extent of taking. So you have the facts on jurisdiction and the facts on the merits are inextricably intertwined. If we don't buy the inextricably intertwined argument, is a trial absolutely necessary if we were to agree with you that there's not adequate notice? Couldn't the judge alternatively give you notice, say, I'm going to find the facts, but I'm satisfied I can find the facts on the dry record? Well, Your Honor, I think accepting your proposition that they're not intertwined, the answer is no. And the reason is because the jurisdictional facts are highly technical and they involve disputes of technical issues and require the cases, even under just 12b1, that when you've got critically disputed facts, here we've got a lot of expert testimony and so forth, that the court has very limited discretion to just go on the documents. Now, theoretically, I guess you could say, well, can't you just put together a slew of declarations from the experts and so forth? But I would say that even that wouldn't be sufficient because the credibility of these witnesses is really critical. I mean, the hydrology of the Mississippi, as the Coors documents repeatedly say, is a complicated matter. And impacts on that hydrology, and I tend to think of it very simply, I'm not an engineering guy, but think of a PVC pipe flashed in half and that's the Mississippi. And what's happening is sand is filling up that PVC pipe and that affects so many dynamic things. It affects what kind of sediment is deposited on the shore. For example, in the Mississippi, there's a very sort of fine sediment, which is all the rich stuff and so forth. And then there's the coarse sediment, which is sand. And the coarse stuff will only be transported onto land when the water gets going fast, and that happens when the hydrology is affected. So the point is that the whole process here, at certainly a threshold, violated the principles of party presentation. Now, understanding that the court has the responsibility to find jurisdiction. You had full discovery, I think, maybe three years of it. If we were to agree with you about a lack of notice, are you asking us to order the court to allow you to take more discovery? No, Your Honor, but I would say that, and forgive me for putting it this way, but you're asking, in a sense, a procedurally dangerous question. Because yes, we had thorough discovery, but summary judgment is designed to be just that. If you say you should have essentially tried your case in summary judgment, then summary judgment is worthless. I just want to understand the contours of what you're asking from us. Your position is if we had clearer notice, we would have made different arguments. You're not saying we didn't have a chance to develop our case. No, that's not right, Your Honor. If we had gotten notice, we would have made the case that evidentiary hearing had to be done, and that was sort of going beyond your presumption that you asked me to assume the merits not being intertwined. We would have said you have to have a trial. And as a practical matter, because even if you said, oh, I'm not going to call this merits and jurisdiction being intertwined. Even if you said that, practically speaking, the jurisdiction stabilization doctrine is what is the nature and consequences of the taking. That's what you're determining on jurisdiction. When can people recognize it? But that's the guts of a takings case. In this case of being decided, were you not on notice that you have to prove your liability theory regarding knowability before 2013? No. Well, no. In the context of summary judgment, all we are doing is putting in evidence to show that the material facts that the government is advancing to support their summary judgment motion are in dispute. So that's why I say that. I'm sorry. That you knew before 2013 were in dispute? Yes. All we're doing, well, it's not, it's the government. You were aware of the question asked. Let me talk for a minute, please. I just didn't hear an answer to that question that was asked of you, which was whether there was a dispute about the date on which the statute of limitations would run. I'm sorry. I do wear hearing aids, so I apologize. I can be a little bit dense sometimes. Yes, there absolutely was. And in fact, one of the key gaps in what the Court of Federal Claims did is all it addressed was essentially the cause side of it. It talked about flowage easements and flowage patterns, but it never talked about the damages, the consequences that must be evident to having a taking. And we were the only ones who put in evidence concerning that the first time plaintiffs perceived damage, and that was the testimony of Mr. Kelly Williams about the 2016 flood, where the flood deposited yards of sand on his property. And that was the first time that the consequences, the damages coming from what was going on in the river, that hydrology was evident. So, Your Honor, in answer to your question, that our position is that certainly the cause of action could not have accrued under stabilization analysis any time before 2016. Because that's the only evidence of damage. That's your position on the merits, but your primary argument, if I understand it, is that there was a procedural error in having converted this to a 12b1. So you're not asking us to decide that merits question in the first instance, right? You're asking us to vacate and remand so that the Court of Federal Claims properly treats this either as summary judgment or alternatively gives you notice and an opportunity to be heard under a 12b1. You're absolutely right, Your Honor. We would like a remand for trial. Because part of the problem with this process— You get a remand for trial. You get a remand. And then the Court of Federal Claims decides what it needs to do to decide your case. Well, I understand. And that's absolutely fine, Your Honor. But the bottom line point is that's part of—it illustrates the problem here is the record before this Court. You can't act like the trial court because you don't have a full trial record. I have no desire to. And thank you, because we're not inviting you to. We're not inviting you to. I see that I'm cutting into my rebuttal time now. Why don't you save the remainder? Mr. Smeltzer? Good morning, Your Honors. May it please the Court. John Smeltzer for the United States. Your Honors, the trial court here did not abuse its discretion in resolving the statute of limitations issue under Rule 12b-1 without an evidentiary hearing, nor did the trial court err or clearly err in finding plaintiff's claims to be time-barred. With respect to the procedural question, clearly the conversion itself, right, didn't cause any prejudice or error. Because Rule 12b-1, if you look at it, right, it doesn't dictate any procedural for fact-finding. Where did they have notice that Judge Kaplan was going to make a factual determination as to whether they met their burden of proof based on what was presented at the time in connection with summary judgment? Well, let me address that in parts. They had notice of the obligation to come forward with all their legal theories and all the associated facts because they knew in a summary judgment proceeding, right, that they could—judgment could be granted against them on the papers, right? That would be their chance to come forward with what their legal theories are and what all the associated facts. But under Rule 56, that couldn't happen if they managed to show at least one genuine dispute, a material fact. Right. And here's where you need to look at what the trial court actually did, right, with respect to the findings and the different determinations that were made. Because what the United States did, right, from the beginning was argue this under a summary judgment standard, right? We proffered a set of facts. We said, here are the material facts with respect to jurisdiction. These facts are undisputed. And the trial court essentially agreed with that, right? So for the most part, the trial court decided this case, the issue of when the statute of limitations—the date accrued under the Stabilization Doctrine and, you know, when the plaintiffs knew or should have known about their claim on a summary judgment standard. The exception is— That she was relying on 12b-1. Right. And that's where I was getting to. The exception is on sort of that—the ultimate fact finding, right? The ultimate finding with respect to stabilization, the date the taking—the claim accrued, and know whether they knew or should have known. Those are fact findings under this court's precedence in Idacar, Banks, Schwarzlander. Those are— I haven't heard anything about notice that there was going to be a conversion from summary judgment to Rule 12b-1. Right. But what I'm saying is— Do you think there's notice? Because I don't think there is. So that's just a yes or no. And if you think there's notice, then where is it? Right. What I wanted to clarify to the court is the one thing that the Court of Federal Claims did not do is provide notice that the court was going to determine those ultimate issues, right? The date of the—of claim accrual and whether they knew or should have known, right, on the papers, right? So you just conceded there's no notice? Well, not notice—what they say they were prejudiced by lack of notice to put on facts. That's what we're saying. That's what we're disputing, because there was notice that they needed to put on all their legal arguments and all their facts that were relevant, right, to these ultimate issues. Our question might be different. Just want to make sure you understand it, which is, you know, under the rules of evidence, right, or rules of civil procedure, if you convert something to a motion for summary judgment, there has to be notice provided. And there's also some doctrine that if you take something that's a summary judgment motion and you're converting it, there's a concept of case law that says notice should be provided, that there's going to be a conversion from a motion for summary judgment to a 12b6, 12b1 motion. You're agreeing that there was no notice of that type, right, just to make sure it's clear? Sure, Your Honor, but you have to look beyond the question of notice. You're saying yes, but you're saying, but it's harmless error. I'm just trying to help you put your thinking into a legal framework. Is that right? Are you saying, yes, there was no notice, but in this case, it's harmless error because they had all the same burdens? Yes. Is that what you're saying? I'm saying that, but I'm also saying that the trial court had discretion to determine whether to proceed in this fashion. So it's not a clear procedural error to not give notice. If case law requires notice, then how can it not be a procedural error to not give notice? I'm happy to move straight to prejudicial error, but the cases that the plaintiffs cite involve cases where you've got a full record, a full summary judgment record, and what the court did is to go back and to find, to dismiss a case based solely on what's in the pleadings, to disregard all the record that's been developed, right? That's not the notice problem that was here. In this case, there was three years of discovery. They had all the notice they needed, that they needed to argue, their legal points, and the facts that were relevant to these issues that the court ultimately decided. They had that notice. Notice problem here is they walked into a hearing after briefing thinking that they merely had to show a genuine dispute material fact to get an evidentiary hearing or a trial, but instead what happened was that turned out to be the trial. The court just resolved the facts. That's the notice problem, and I think you've conceded that's what happened. What I've conceded is it happened with respect to the ultimate fact, not with respect to all the underlying facts that the parties relied on. Why is that not a reversible error? Because it's not prejudicial in the sense that they haven't made a case for why that ultimate fact can't be decided on the papers, right? Because they haven't disputed any of the underlying facts. I'm just asking the court to step back and take a look at the facts that the district court rested on. The district court relied on gauge data. It's undisputed the reliability of the gauge data and what the gauge data shows. There's no dispute about that. The district court relied on admissions. What would that rule be? How would you articulate the rule that in this case it's okay not to provide notice? Again, it's an issue of what notice was being denied. The only notice that was being denied is that the court would make an ultimate decision, but the court gave them notice. The whole summary judgment proceeding provided notice that they had to come forward with all the relevant facts, at least in summary, and their legal arguments. What they say they were not allowed to present, right, the issue about the consequential damages, that's relevant in their view, right? The argument to me sounds like anytime someone's moving from summary judgment, you should know that you have to provide all of your evidence. No, that's not what I'm saying, Your Honor. I'm saying if you say the court committed legal error by disregarding evidence with respect to consequential damages, right, legal error at the summary judgment phase, it would have still been in legal error at the summary judgment phase, you've got to put those facts in. The facts that they say they didn't put in are facts that were perfectly relevant, even if the whole thing had been decided on a summary judgment standard. What makes this case— Let's suppose that we're going to say, possibly, that we think that there was a procedural error here and it needs to go back. What would you like that order to look like? The order would simply be to go back to the court to clarify whether the court needs an evidentiary hearing, that is, presentation of testimony from witnesses to resolve the issue of the jurisdictional facts that are executed. I'm not going to go back and ask for clarification. If I said it back, I'm going to say there was a procedural error here. You didn't give the parties notice that you were converting this motion. Right. Ideally, at oral argument, the court would have said, look, I've reviewed all these facts and I think the facts, everybody's relying on the gauge data. And by the way, I'm relying on your experts, plaintiffs, to determine whether the significance of this gauge data, right, relied on the plaintiff's admissions, the plaintiff's experts, undisputed gauge data, undisputed facts. Santa didn't come today and so you didn't get it. So what is it? I'm actually giving you a chance to help craft the opinion where you lose. So what would you like it to say? I would just, the court should simply remand it for further proceedings before the court of federal claims to determine what procedures are necessary to complete the trial of the jurisdictional facts. But what I'm telling the court that it wasn't an abuse of discretion, right, to issue a determination, a factual determination on these ultimate issues where all of the underlying facts, the gauge data, the admissions from the plaintiffs, the plaintiff's experts, none of it was in dispute. Here's the part that I don't want to tell the court of federal claims what it has to do on remand because I'm not sure a trial is necessary. Right. And that's, I absolutely agree. That was not in doubt for me. But so I, so I'm trying to figure out vacate and remand for the court to address the failure to provide notice, to provide actual notice, and then take what steps are appropriate thereafter. Well, I'm struggling with the answer because there's very little that's left that the court shouldn't have done. And what I was trying to advise the court, if the court had let the parties know, right, at the time of the summary judgment oral argument, that look, all the facts that the government has presented here, it looks like plaintiffs, you don't dispute those individual facts. You say there's this, and at that point, they didn't even raise this other set of facts that they're now trying to bring in the court. But that's what they say the harmful error was. Like their claim is that if they had known this was a 12B1, they would have introduced information regarding when their theory of liability was or was not knowable. Right. What I'm saying is they had notice of the obligation to do that in the summary judgment proceedings. That's exactly what summary judgment is all about. The only thing they didn't have notice of was that the court was going to take all these undisputed facts that they haven't shown in their brief are disputed. Right. The very facts that the district court relied on, the Court of Federal Claims. The Court of Federal Claims did not identify any expert dispute. They, for purposes of determining whether the flooding pattern was significant and it significantly changed. The court relied on the plaintiff's experts, and the plaintiffs in their brief don't dispute the court's interpretation of their expert information. Everything the court relied on in the court's judgment is not disputed. The only thing the court did was to issue an ultimate finding, which this court has said is a fact finding. Right. That ultimate finding as to whether they knew or should have known. Right. Decided that as an issue of fact. But all the underlying facts are not in dispute. The ones that the court identified as material. Right. So in that context, the only issue is, was it appropriate to decide the case on the papers? So there was, it would have been better, right? It would have been much better if the Court of Federal Claims had said, look, I'm thinking of resolving this on the papers, because it looks to me that the government's relying on undisputed facts. You're not disputing these particular facts. I think these are the relevant facts. I think you lose on these facts. Right. Then they'd be on notice and then they'd say, well, what would they say? Yeah. And so that's what they're saying they didn't have a chance to do. We didn't get to say why that's what they're saying. I know that you think they've had plenty of three years worth of chances, but I get it. All right. Anything further? Well, I mean, this is a whole question of whether the court clearly erred on the merits of the jurisdictional issue. We submit that the court did not. And the facts that, let me just address what was addressed from the plaintiffs at the podium. The legal issue, right? The legal issue, which would be an issue if it were decided on a summer judgment or under 1281. It's this question of what you look to, what the court looks to determine whether there's a taking of land. Right. And in Igerker, when you look at it, when you're talking about taking by flooding, you're looking at a taking of a flowage easement. And so you're looking at what is the data that shows, what is the evidence that shows there has been a significant change in the flooding regime? That's exactly what the district court looked at. The data showing the objective change in the flooding regime, which the data showed and which the plaintiffs also would have been aware of. That's the fundamental aspect of what the court of federal claims looked at to resolve this issue. The plaintiffs are now saying, well, no, you have to look at the consequential damages. Right. But that's not what the law is. Right. This court has made it clear in Mildenberger that the touchstone for stabilization analysis is when the environmental damage has made substantial inroads in the property, that the permanent nature of the taking is evident and the extent of the damage is foreseeable. Then the court went on to say the obligation to sue arises once the permanent nature of the government action is evident, regardless of whether damages are complete and fully calculable. So what you're looking for there is what is the extent of the flooding. Right. Once you know the extent of the flooding and you can project that the flooding is permanent and will continue, which there was no dispute about in this case, you can then foresee the extent of the damages. That's all you need for stabilization in terms of what you need to show stabilization and what you need to show in terms of knowledge. The only prejudice that they've identified in this case from the supposed lack of notice was the failure to put on this evidence. Right. This evidence relating to consequential damages. What I'm trying to make clear to the court now is their obligation to put on that evidence if it was relevant to when the claim accrued was at the summary judgment phase. Because they clearly had noticed at that point that the court might decide the case on the papers against them. And they had to come forward with that evidence then. But ultimately, it's irrelevant. And this court can decide the case and affirm without remanding. Unless the court has further questions, I'll leave it there. All right. Thank you, Mr. Smeltzer. Thank you. I have practiced law long enough to know when it's best just to shut up. So unless you have any questions, I don't need to add anything. Okay. Thank you very much. This case is taken under submission.